FILED
U.S. DISTRICT COURT

30 SEP 02 PM 4:59

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

STEPHEN J. SORENSON, First Assistant United States Attorney (#3049)
STEWART C. WALZ, Assistant United States Attorney (#3374)
LESLIE HENDRICKSON-HUGHES, Special Assistant United States Attorney
185 South State Street, #400
Salt Lake City, Utah   84111
Telephone: (801) 524-5682
Facsimile:  (801) 524-6924
**Attorneys for the United States of America**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 2:98CR 0278ST |
| Plaintiff, | : | PLEA AND COOPERATION AGREEMENT |
| vs. | : | |
| DAVID A. HESTERMAN, | : | |
| Defendant. | : | |

The United States Attorney for the District of Utah, by the undersigned Assistant United States Attorney and David A. Hesterman, individually and through his attorney, James C. Bradshaw, hereby agree as follows:

1.   David A. Hesterman agrees to plead guilty to a two count Information charging in Count One, Securities Fraud, and in Count Two, Failure to File an Income Tax Return. The maximum penalties that can be imposed under 15 U.S.C. §§ 78j(b) and 78ff (Count 1) are imprisonment of not more than ten (10) years, a fine of not more than one million dollars ($1,000,000.00), or both such fine

277

and imprisonment, and under 26 U.S.C. § 7203 (Count 2) are imprisonment of not more than one (1) year, a fine of not more than one hundred thousand dollars ($100,000.00), or both such imprisonment and fine. Additionally, the Court is required to impose a victim assessment fee in the amount of $50.00 for Count 1 and $25.00 for Count Two. The parties agree that the defendant will pay restitution to victims in the PanWorld case of $75,000.00.

2. David A. Hesterman agrees to cooperate with the Internal Revenue Service, the Federal Bureau of Investigation ("F.B.I."), and the United States Securities and Exchange Commission ("S.E.C.") in that he will provide complete and truthful information in criminal or civil investigations conducted by the I.R.S., the F.B.I., the S.E.C., or other federal law enforcement agencies.

3. Provided that David A. Hesterman fully cooperates as outlined in paragraph 6 below and otherwise complies with the terms of this Agreement, the United States Attorney's Office for the District of Utah and David A. Hesterman agree as follows:

    a. The government will move to dismiss the Indictment pending against the defendant in this Court.

    b. Should the defendant cooperate as detailed below, the United States Attorney's Office for the District of Utah will not bring securities, fraud, tax or other criminal charges against the defendant based upon its investigation of transactions involving the securities of PanWorld Minerals, Lanstar Semiconductor, Inc., and Dynamic American and will not bring other criminal tax charges for the years 1994 through 1996 against the defendant. However, transactions in these securities may form the basis of the tax charge(s) contemplated in this agreement. Additionally, the

defendant will be afforded use and derivative use immunity for the information relating only to economic crimes (fraud and tax offenses) provided during his cooperation. However, if the defendant fails to cooperate as required by this agreement, the United States may bring charges based upon transactions relative to the companies listed in this paragraph and use the statements made by the defendant during his cooperation in any future criminal proceeding.

   c. Should the defendant cooperate fully and completely with the United States as required in this agreement, the United States will move, pursuant to U.S.S.G. §5K1.1, for a downward departure from the sentencing guidelines and will recommend that the Court sentence the defendant to not more than twenty (20) months incarceration.

   d. The defendant agrees to cooperate fully and completely with the I.R.S., F.B.I., the S.E.C., and the United States Attorney's Office for the District of Utah, as detailed in paragraph 6 below. Should the defendant so cooperate, the United States will file a motion pursuant to U.S.S.G. §5K1.1 recommending a downward departure from the final offense level determined pursuant to the sentencing guidelines. Should the defendant fail in his cooperation in any respect, the defendant's pleas of guilty will stand, the United States will not file a motion pursuant to U.S.S.G. §5K1.1, the United States will be free to bring additional charges against the defendant, at any sentencing of the defendant the United States will be free to seek any sentence of incarceration, fine, and/or restitution and any other consequences set forth in this plea agreement will pertain.

   e. The United States will not object to the Defendant's request that he be sentenced after the completion of the case of <u>United States v. David R. Nemelka, et al.</u>

3

4. David A. Hesterman agrees to consent, upon the filing of a civil complaint and without admitting or denying the substance of the underlying allegations, to the entry of a permanent injunction against him under the provisions of the federal securities laws, which injunction will prohibit David A. Hesterman from violating the anti-fraud and other provisions of the federal securities laws. He also agrees to consent to the entry of an officer and director bar under the provisions of the federal securities laws.

5. David A. Hesterman's agreement to cooperate with the United States, as detailed in paragraph 6 below, in its investigations of securities, tax and other frauds is an essential term of this agreement. The defendant's failure to completely or truthfully cooperate in any way will permit the United States to pursue any and all charges relative to securities, tax, and other frauds, to file any additional criminal charges it desires against Mr. Hesterman, and to seek any sentence of incarceration, fine, and/or restitution. In the event that David A. Hesterman violates any provision of paragraph 6 below and regardless of whether additional criminal charges have been filed against him, David A. Hesterman pleas to the charges in this case shall stand.

6. David A. Hesterman and the United States Attorney for the District of Utah agree that David A. Hesterman's cooperation with the United States shall be as follows and under these terms and conditions:

    a. David A. Hesterman will provide complete and truthful statements and information to agents and personnel of the I.R.S., the F.B.I., the S.E.C., the United States Attorney's Office, and other appropriate federal law enforcement or investigative personnel. Additionally, David

A. Hesterman will testify completely and truthfully before any state or federal agency, grand jury, petit jury, or Court.

    i.    Said complete and truthful cooperation includes answering all questions and not withholding any information. David A. Hesterman must neither attempt to protect any person nor falsely implicate any person or entity.

    ii.    David A. Hesterman must furnish any documents in his custody or possession or under his control that are relevant to the investigations of other individuals and entities for securities, tax, and other frauds being conducted by the enforcement or investigative personnel listed in this paragraph and must make himself available, upon request and reasonable notice, for interview by the enforcement or investigative personnel listed in this paragraph.

    iii.    David A. Hesterman agrees to furnish complete and truthful financial information to the United States Attorney's Office for the District of Utah. He acknowledges that the restitution figure agreed upon in this case will be premised upon the financial information submitted. Mr Hesterman's submission of complete and truthful financial information is part of his cooperation in this case and his failure to cooperate will invoke paragraphs 3d and 5 of this agreement.

    iv.    The defendant agrees to cooperate truthfully with the Internal Revenue Service in the resolution of his tax liabilities for the years involved in Count 2 of the information. His failure to do so will constitute a breach of his cooperation agreement and will invoke the provisions of paragraphs 3d. and 5.

      v.      The defendant executed a waiver of the statute of limitations relative to any charges arising out of the investigation into activities involving the securities of Lanstar Semiconductor, Inc. Should the defendant not be sentenced in this case prior to the expiration of that waiver, the defendant agrees to execute another such waiver extending the statute of limitations until after he is sentenced in this case.

      vi.      Any failure to comply with these terms shall be considered a breach of this Agreement and shall allow the United States to invoke paragraphs 3d and 5 of this agreement.

      b.      David A. Hesterman is on notice that the provision of any knowing false statement to government personnel and/or of any material false statement made under oath will subject David A. Hesterman to prosecution for the making of a false statement or for perjury, notwithstanding any other terms of this Agreement.

      c.      If the totality of the circumstances indicates deception on the part of David A. Hesterman, such will be considered a breach of this Agreement. Then the United States shall be free to institute further criminal proceedings against David A. Hesterman and to seek any sentence the United States deems appropriate, as set forth in paragraph 3.

      7.      Should any reasonable question arise as to whether David A. Hesterman has fully and forthrightly cooperated with the government pursuant to this Plea and Cooperation Agreement, the parties agree that sentencing on this matter, if it has not already taken place, may be delayed until any questions of David A. Hesterman's cooperation are resolved either by agreement of the parties or by an appropriate hearing before the Court.

The foregoing Plea and Cooperation Agreement between the United States Attorney for the District of Utah, by the undersigned Assistant United States Attorney and David A. Hesterman, individually and through his attorney, James C. Bradshaw, is entered into on this ____ day of July, 2002.

STEPHEN J. SORENSON
First Assistant United States Attorney

_____
STEWART C. WALZ
Assistant United States Attorney

_____
DAVID A. HESTERMAN
Defendant

_____
JAMES C. BRADSHAW
Attorney for David A. Hesterman